UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:  Case No. 09-20032

WAYNE L. FRAZIER,  Chapter 13

      Debtor.  Honorable Daniel S. Opperman
_____/

OPINION GRANTING MOTION OF CREDITORS HOWARD AND
JEAN MILLER TO DISMISS CASE AND DENYING CREDITORS HOWARD
AND JEAN MILLER'S MOTION FOR IMPOSITION OF SANCTIONS

Before the Court is the Motion by Creditors Howard and Jean Miller ("Millers") to Dismiss Debtor's Chapter 13 bankruptcy case pursuant to 11 U.S.C. § 109(e) as Debtor is ineligible to be a Debtor under Chapter 13 of the Bankruptcy Code ("Dismissal Motion"). Also pending before the Court is the Millers' Motion for Imposition of Sanctions, in which the Millers argue that the filing of the bankruptcy petition itself is sanctionable pursuant to Bankruptcy Rule 9011(b) ("Sanctions Motion"). Specifically, the Millers argue that Debtor exceeds the jurisdictional debt limit in Section 109(e) of $336,900 for noncontingent, liquidated, unsecured debts. The Court heard argument on March 19, 2009, on the Dismissal Motion, and at the conclusion of that hearing, the Court indicated it would first decide the Section 109(e) Chapter 13 jurisdictional issue before considering any additional bases for dismissal raised in the Dismissal Motion. The Court also heard oral argument on the Sanctions Motion. The Court has determined that dismissal of this case is warranted as Debtor exceeds the $336,900 unsecured debt jurisdictional limit. The Court further determines that sanctions are not warranted under the

1

facts of this case.

The Debtor filed this Chapter 13 bankruptcy case on January 8, 2009. On January 23, 2009, the Millers filed an unsecured claim in the amount of $209,099.69, based upon a state court judgment entered pre-petition on December 31, 2008. On Schedule F, Debtor lists other, additional unsecured debts totaling $199,615.78, which if added to the Millers' claim, total $408,715.47. Thus, if the $209,099.69 is considered a "noncontingent, liquidated, unsecured debt," Debtor exceeds the Section 109(e) jurisdictional limit and is ineligible to be a Chapter 13 Debtor.

Debtor argues that $209,099.69 debt should not be considered to be "noncontingent" or "liquidated" as the state court judgment is currently on appeal to the Michigan Court of Appeals. Debtor further argues that sanctions are not warranted because this case was commenced in good faith based upon accurate information. The Millers argue that Debtor has mislabeled the debt owed them, and further argue that Debtor's conduct in commencing this Chapter 13 case is sanctionable as Debtor clearly is not eligible for Chapter 13 relief.

Eligibility under § 109(e)

The Sixth Circuit Court of Appeals in the case of *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751 (6th Cir. 1985), held that "Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith." 773 F.2d at 757. "[T]he fact that some later resolution of the conflict might render more certain the precise nature of the debt itself . . . is relatively immaterial in determining the debtors' financial condition and chapter 13 eligibility on the date the petition was filed." *Id*. at 758.

2

## Liquidated or Unliquidated

The *Pearson* court discussed a split in authority as to whether a substantial dispute as to liability for or the amount of a debt renders it unliquidated. *Pearson*, 773 F.2d at 754-55. *See also Glance v. Carroll (In re Glance)*, 487 F.3d 317, 321-22 (6th Cir. 2007). Unfortunately, the Sixth Circuit did not adopt one line of reasoning over the other. However, since that decision was rendered in 1985, a majority of courts have found "that a claim is liquidated if its value can be readily ascertained whether or not the debtor's underlying legal liability on that claim is in dispute." *In re Dow Corning Corp.*, 215 B.R. 346, 356-57 (Bankr. E.D. Mich. 1997) (citations omitted); *see also Faulhaber,* 269 B.R. at 354-55 (noting that, "[a]lthough not determinative, the Sixth Circuit in *Pearson* did conclude that the generally accepted definition of a liquidated debt is a debt which is 'readily ascertainable'", and a "broad consensus" has developed "that the debtor's liability is irrelevant to the determination of whether a debt is liquidated or not") (citing *Pearson*, 773 F.2d at 754-55).

## Contingent or Non-Contingent

> [I]t is well-settled that "a debt is non-contingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." . . . Conversely, a contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor."

*Faulhaber*, 269 B.R. at 354 (quoting *In re Redburn*, 193 B.R. 249, 259 (Bankr. W.D. Mich. 1996) (J. Gregg)); *see also Glance*, 487 F.3d at 322 (holding the same).

It is well settled that a final judgment does not equate to a "contingent" or "unliquidated" claim merely because an appeal of that judgment is pending at the time the Chapter 13 case is commenced. *See Craig Corp. v. Albano (In re Albano)*, 55 B.R. 363, 368-69 (N.D. Ill. 1985); *In*

*re Redburn*, 193 B.R. 249, 259 (Bankr. W.D. Mich. 1996); *In re Cluett*, 90 B.R. 505 (Bankr. M.D. Fla. 1988).

Analysis

As *Pearson* directs, the starting point in the analysis is the Debtor's schedules. Here, Debtor lists the Millers' debt on Schedule D, as a secured debt, and lists such as disputed, but the "contingent" and "unliquidated" boxes are unchecked. Upon an examination of the state court judgment, the Court concludes that this debt is clearly unsecured. The Millers claim supports such a conclusion, and Debtor has provided no evidence of a lien or other interest the Millers may have to secure this debt.

As to the Debtor's argument that the pendency of the appeal of the state court judgment somehow transforms this debt into an "unliquidated" or "contingent" debt, the above-cited cases clearly disprove this argument. The amount of this debt is readily ascertainable, and the events giving rise to this debt all undisputably occurred pre-petition.

For these reasons, the Court concludes that Debtor exceeds the statutory debt limit of $336,900, making him ineligible to be a Chapter 13 debtor. The Court will allow Debtor 14 days to convert his case to a Chapter 7 or Chapter 11 proceeding, and failing such action by the Debtor, this case will be dismissed without further notice or hearing.

As alluded to previously in this Opinion, the Court concludes that sanctions are not warranted here as the commencement of this bankruptcy case as a Chapter 13 proceeding was reasonable under the circumstances because Debtor and his counsel had a good faith, albeit incorrect, belief that this debt was either secured, or was contingent/unliquidated. *See In re Big Rapids Mall Assocs.*, 98 F.3d 926 (6th Cir. 1996) ("In this circuit, the test for imposition of Rule

11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances."). Creditors did not submit proofs of any bad faith other than the mistaken belief of counsel. With this record, the requisite facts are simply not present to award sanctions.

Counsel for the Millers is directed to submit an order consistent with this Opinion.

**Signed on March 31, 2009**

                                              **/s/ Daniel S. Opperman**
                                              **Daniel S. Opperman**
                                              **United States Bankruptcy Judge**